*1326 OPINION.
Love :
In this proceeding there are two questions:
(1) Does the inclusion of the item of $2,118.40 as unlisted income in Alva Adams’ return for 1920 result in a double listing of the same item.
(2) Under the circumstances, as set out in the findings of fact, was that item income at all to Alva Adams ?
*1327 The evidence clearly shows that, although the manner of handling that item (as well as others) was confusing, that item was included in the return, and that the Commissioner erred in again including same in gross income.
With reference to the second question, it may be stated that the evidence is positive and clear that no money was paid by the partnership to the corporation, and as the premises leased constituted all the assets of the corporation and were its sole source of income, it had no funds for distribution as dividends, and no dividends were declared.
However, Alva Adams and George Holmes constituted the partnership, and on the partnership books the credit balance due the corporation was charged off, one-half to Holmes and one-half to Adams, and each of those partners credited with said one-half.
Had checks, or actual money passed, as it was supposed to be handled, that money would have gone into the treasury of the corporation and presumably, at least, would have been distributed to Holmes and Adams in equal parts, provided of course they had ignored the two small stockholders, as seems to have been done. At least it is apparent that the two partners, instead of paying out that money from the partnership treasury into the corporation treasury and then dividing it between themselves as dividends, simply took the short cut and divided it while it was in their own treasury. As partners, eacli received credit for one-half of the full amount of the item. It seems that the two small stockholders were not considered, are registering no protest, and have acquiesced in the matter. It is contended that by reason of the fact that no money passed from the partnership, that no income was realized, that the procedure was merely a bookkeeping entry.
Alva Adams and his partner, instead of paying the money out of the partnership treasury into the corporation treasury, and then taking it as dividends, simply took the short cut and took it from the partnership treasury and had themselves charged with its receipt. Alva Adams so treated those transactions and furnished memorandum of such to McCabe, from which his income-tax return was to be made.
A recomputation of the deficiency should be made, with the amount of $2,118.40 eliminated from gross income as used by the Commissioner in determining the deficiency, for the reason that said amount was correctly included once before by the decedent in his return.

Judgment will be entered under Rule 50,